```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EFREM R. BURGOS, SR.,

                                Plaintiff,

        -against-                                                        ORDER

WHITE PLAINS DETECTIVE "JOHN" ARAGONE,               09 Civ. 3900 (GAY)
individually, WHITE PLAINS DETECTIVE "JOHN"
HESLER, individually, WHITE PLAINS DETECTIVE
"JOHN" KIATA, individually, WHITE PLAINS
DETECTIVE TONY CAIATI, individually, and
THE CITY OF WHITE PLAINS, NEW YORK,

                                Defendants.
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/26/12

By Order dated July 23, 2012 (Dkt. #29), the Court denied defendants' motion for summary judgment with leave to renew upon refiling, on or before August 17, 2012, the motion for summary judgment and a certificate of service showing that defendants have served plaintiff with a copy of the motion and provided the requisite notice.[1] The Court, in said Order, spelled out the requirements of Local Rule 56.2, the ramifications of failure to comply with same and cited Irby v. New York City Transit Auth., 262 F.3d 412, 413 (2d Cir. 2001) (per curiam). The Court further Ordered that, upon renewal, plaintiff's response must be served and filed by September 21, 2012.

On or about August 10, 2012, defendants re-filed their summary judgment motion ostensibly "in accordance with the Court's Order dated July 23, 2012." See August 10, 2012 letter from defense counsel (enclosing courtesy copies of the instant motion).

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

Copies mailed / handed / faxed to counsel 9 / 26 / 12

However, despite the Court's specific admonition, defendants' "renewed" summary judgment motion mirrors their original submission–except for an affidavit of service reflecting service upon plaintiff of the original (and now re-filed) submission, *to wit*: a notice of motion, an affidavit in support with exhibits, a statement of facts and a memorandum of law.  In other words, defendants have again failed to provide plaintiff with the notice required by Local Rule 56.2.  To date, the Court has not received a response from plaintiff or a request for more time within which to respond to the instant motion.

"[T]he failure to provide [a] *pro se* party with notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure, and the consequences of noncompliance therewith, will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the pro se was aware of this rule's requirements."  Irby, 262 F.3d at 413.  In the instant case, as noted in the July 23d Order, there is no indication that plaintiff has knowledge of all obligations and consequences stemming from defendants' motion for summary judgment.

Accordingly, defendants' motion for summary judgment is **DENIED.**  It is further

**ORDERED** that the *pro se* plaintiff and counsel for defendants shall appear for a pretrial conference to be held on **Tuesday, October 23, 2012, at 10:00 a.m. in Courtroom 421, U.S. Courthouse, 300 Quarropas Street, White Plains, New York.**

**FAILURE TO APPEAR FOR CONFERENCES SCHEDULED BY THE COURT MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THE CASE.**

The Clerk of the Court is respectfully requested to terminate the pending motion (Dkt. #30).

Dated:   September 26, 2012
        White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.